UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CANDICE SHEA ARNOLD                                                                PLAINTIFF

v.                                                             CIVIL ACTION NO. 3:09-cv-350-CRS

KY CATALOG SALES, INC., d/b/a
ADVANCE TIL PAYDAY and
KENTUCKY PAYDAY CASH ADVANCE, LLC                          DEFENDANTS

## MEMORANDUM OPINION

This matter is before the court on motion of the defendants, KY Catalog Sales, Inc., d/b/a

Advance Til Payday and Kentucky Payday Cash Advance, LLC (collectively, "Defendants"), to set

aside the default judgment entered against them (DN 20).  For the reasons set forth below, the

motion will be granted.

The plaintiff, Candice Shea Arnold ("Plaintiff") brought this action, alleging discrimination

and retaliation against her by Defendants, in violation of Title VII of the Civil Rights Act of 1964

and the Kentucky Civil Rights Act, KRS § 344.040. (DN 1).  Defendants failed to file an answer to

Plaintiff's complaint.  The clerk of court entered a default against Defendants (DN 9) and this court

granted a Default Judgment. (DN 11).  Defendants now move to set aside the Default Judgment,

pursuant to Federal Rules of Civil Procedure 55 and 60.

Federal Rule of Civil Procedure 55 provides that for "good cause shown," the court "may set

aside an entry of default and, if a judgment by default has been entered, may likewise set it aside in

accordance with Rule 60(b)."  Fed. R. Civ. P. 55(c).  In making the equitable determination of what

constitutes "good cause" for purposes of setting aside an entry of default, courts consider: (1) whether

the entry of default was the result of willful or culpable conduct; (2) whether setting aside the entry

of default would prejudice the plaintiff; and (3) whether the defenses raised following the entry of

default are meritorious. *Thompson v. American Home Assurance Co.*, 95 F.3d 429, 432 (6th Cir.

1996) (citing *United Coin Meter Co., Inc. v. Seaboard Coastline RR.*, 705 F.2d 839, 844 (6th Cir.

1983)).

"Where a court has entered judgment on default,...Rule 55 states that a court may set aside

that judgment only in accordance with the grounds laid out in Rule 60(b)." *Thompson*, 95 F.3d at 432

(citing Fed. R. Civ. P. 55(c)). Rule 60(b) provides in relevant part that

> (b) ... On motion and upon such terms as are just, the court may relieve a party ...
> from a final judgment, order, or proceeding for the following reasons: (1) mistake,
> inadvertence, surprise, or excusable neglect; ... or (6) any other reasons justifying
> relief from the operation of the judgment.

Fed.R.Civ.P. 60. A default judgment has already been entered in the present case, so Rule 60(b) is

invoked to set aside the judgment. *See Thompson*, 95 F.3d at 433. Thus, the court will consider both

the Rule 55 equitable factors and determine whether one of the specific requirements of Rule 60(b)

is met. *Id.*

Defendants assert that this case falls within the "excusable neglect" provision of Fed.R.Civ.P.

60(b)(1) or the equitable catch-all provision of 60(b)(6), because their lawyer at the time the default

judgment was entered, Edward Reinhart ("Reinhart"), failed to inform them of the default judgement

or his termination of their legal representation.

The Supreme Court has long held "that clients are held accountable for the acts and omissions

of their attorneys." *See e.g., Pioneer Inv. Services Co. v. Brunswick Associates,* 507 U.S. 380, 113

S.Ct. 1489, 123 L.Ed.2d 74 (1993); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 633, 82 S.Ct. 1386, 8

L.Ed.2d 734 (1962). In *Link*, the Court concluded that a petitioner was not entitled to relief from a

judgment due to the attorney's inexcusable conduct, because "petitioner voluntarily chose this attorney as his representative" and could not "avoid the consequences of the acts or omissions of this freely selected agent." *Link*, 370 U.S. at 633-34. In *Pioneer*, the court again stressed that "clients must be held accountable for the acts and omissions of their attorneys." *Pioneer*, 507 U.S. at 396. Although *Pioneer* involved the application of the "excusable neglect" standard in Bankruptcy Rule 9006(b)(1), the Court stated that the "excusable neglect" standard is "also used elsewhere in the Federal Rules of Civil Procedures," specifically noting Rule 60(b)(1). *Id.* at 392-93.

However, the United States Court of Appeals for the Sixth Circuit has held that in certain circumstances an attorney's gross negligence may provide a basis for relief from a default judgment under Rule 60(b)(6). *Fuller v. Quire*, 916 F.2d 358, 361 (6th Cir. 1990) (holding relief proper under Rule 60(b)(6) where lawyer suggested to client that a settlement was pending, and then ceased all contact with the client and failed to notify client or appear at a "docket call" which resulted in a dismissal of the case for lack of prosecution); *Valvoline Instant Oil Change Fr., Inc. v. Autocare Assoc., Inc.*, 1999 WL 98590, 1999 U.S. App., LEXIS 1227, 173 F.3d 857, *10-*11 (6th Cir. 1999) (holding attorney's gross negligence can provide a basis for relief under Rule 60(b)(6) where attorney suffered from a mental disorder and led client to believe that he had settled the case, but instead failed to inform client or appear at a pre-trial conference which resulted in the entry of a default judgment) (citing *L. P. Steuart, Inc. v. Matthews*, 329 F.2d 234, 235-36 (D.C. Cir. 1964)).[1]

---

[1] Some courts in other circuits have held that Rule 60(b)(6) should not provide relief from a judgment due to the gross negligence of counsel. *See e.g.*, *U.S. v. 8135 Dobson Street, Chicago, Ill.*, 125 F.3d 1076, 1084 (7th Cir. 1997) ("Malpractice, gross or otherwise, may be a good reason to recover from the lawyer but does not justify prolonging litigation against the original adversary."); *United States v. 7108 West Grand Ave., Chicago*, 15 F.3d 632, 634-35 (7th Cir. 1994) (holding attorney's negligence was not grounds for relief under Rule 60(b)(6)). However, like the U.S. Court of Appeals for the Sixth Circuit, courts in other circuits have also permitted relief under Rule

(continued...)

Thus, in the court's discretion, the gross negligence or misconduct of Defendant's attorney, Reinhart, may provide a basis for relief under Rule 60(b)(6).  Upon reviewing the record, the court concludes that Reinhart's conduct in this case constitutes a valid basis for relief from the default judgment under Rule 60(b)(6).  We conclude that Reinhart committed to representing Defendants and held himself out to opposing counsel and the court as their attorney.  Reinhart made representations to Defendants that he was filing an answer to Plaintiff's complaint.  Reinhart conducted settlement negotiations with Plaintiff's counsel and provided Defendants with feedback regarding settlement discussions.  Reinhart obtained several extensions of time from Plaintiff's counsel in which to file an answer on behalf of Defendants.  Reinhart then ceased representation of Defendants but did not communicate this to Defendants, opposing counsel, or the court.  Reinhart then failed to inform Defendants of the request for an entry of default and a motion filed by Plaintiff seeking a default judgment, both of which were mailed to Reinhart.  It was not until a conference was being scheduled by the court regarding damages that Defendants were notified of any default proceedings against them.  When subsequent attempts to contact Reinhart were unsuccessful, Defendants obtained new counsel.  This motion to set aside the default judgment followed.

Having concluded that Reinhart's gross negligence constitutes a basis for relief under Rule 60(b)(6), the court also considers the *United Coin Meter* equitable factors.  *Valvoline*, 1999 WL 98590 at *11-*12.  The factors are to be applied "equitably and liberally ... to achieve substantial

---

[1](...continued)
60(b)(6) for the gross negligence of counsel.  *See e.g., Boughner v. Secretary of HEW*, 572 F.2d 976 (3rd Cir. 1979) (holding relief proper under Rule 60(b)(6) where attorney had failed to file responses to summary judgment motions in a total of 52 cases after losing his secretary and being involved in a political campaign); *Community Dental Services v. Tani*, 282 F.3d 1164 (9th Cir. 2002) (finding attorney's filing an answer two weeks late, failing to serve answer on opposing counsel, disobeying court orders, and failing to respond to a motion for default judgment, all while assuring his client the case was proceeding smoothly, constituted grounds for relief under Rule 60(b)(6)).

justice." *United Coin*, 705 F.2d at 844–45 (quoting *Blois v. Friday*, 612 F.2d 938, 940 (5th Cir.1980)). The liberal application of these factors reflects "the strong preference for trial on the merits in federal courts," *Marbly v. Dep't. of Treasury*, 22 Fed.Appx. 371, 372 (6th Cir.2001), and the Sixth Circuit's acknowledgment that "[j]udgment by default is a drastic step which should be resorted to only in the most extreme cases," *United Coin*, 705 F.2d at 845. "The lenient application is reflected in each of the three factors." *Chhatrala Grand Rapids, LLC v. Effusion Const., Ltd.*, 2011 WL 3584804, *3 (W.D. Mich. 2011).

First, in considering whether Plaintiff is prejudiced by relief from the default judgment, "delay alone is not a sufficient basis for establishing prejudice." *Berthelsen v. Kane*, 907 F.2d 617, 621 (6th Cir.1990). The delay must result in some tangible harm such as loss of evidence, increased difficulties of discovery, or greater opportunity for fraud or collusion. *Thompson*, 95 F.3d at 433-34. Plaintiff asserts that "it is almost certain that documents and witnesses that would have been available in 2009 are not available now..." (DN 28, p. 16). However, Plaintiff does not cite to any specific tangible evidence which is now unavailable. We conclude the delay in litigating this case does not constitute the required prejudice to Plaintiff under this factor.

In considering whether Defendant has a meritorious defense, a court need only consider whether the defendant has "stated a defense good at law," not whether that defense is likely to succeed. *Berthelsen*, 907 F.2d at 621–22 ("Likelihood of success on the merits is not the measure of whether the defendant presents a meritorious defense. If he 'states a defense good at law, then a meritorious defense has been advanced.'") (quoting *United Coin*, 705 F.2d at 845)). Defendants assert that Plaintiff did not follow internal procedures prior to making her discrimination claim, that her Equal Employment Opportunity Commission ("EEOC") claim was denied, and that the substance

of her claim is without merit.  (DN 31, p. 9).  Blanket denials alone have been held by courts as insufficient to establish a meritorious defense that warrants setting aside a default judgment.  *Smith v. Comm'r.*, 926 F.2d 1470, 1480 (6th Cir. 1991); *In re Colangelo*, 414 B.R. 136, 142 (E.D. Mich. 2009).  However, the EEOC's denial of Plaintiff's claim and Defendants' assertion that Plaintiff failed to follow internal procedures indicate that Defendants may have a valid defense against Plaintiff's claim.

Last, when considering whether culpable conduct by the defendant led to the default, "the conduct of a defendant must display either an intent to thwart judicial proceedings or a reckless disregard for the effect of its conduct on judicial proceedings." *Thompson*, 95 F.3d at 433 (quoting *INST. Financial Group, Inc. v. Chem–Nuclear Systems, Inc*., 815 F.2d 391, 399 (6th Cir.1987)).  The record does not suggest that Defendants acted with intent to thwart judicial proceedings or a reckless disregard for the effect of its conduct on judicial proceedings.  Defendants appeared to rely in good faith on the assertions of Reinhart that he had prepared an answer and was engaged in settlement negotiations with Plaintiff.  Further, Reinhart never informed Defendants of any default proceedings against them.

Upon examining the record and weighing the *Union Coin Meter* factors in this case, the court concludes that Defendants' motion to set aside the default judgment should be granted.  An order consistent with this opinion will be entered this date.

January 6, 2012

**Charles R. Simpson III, Judge**
**United States District Court**